IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALFONSO MENDOZA PEREZ                                          PETITIONER

V.                                          Civil Case No. 5:26-cv-00010-DCB-BWR

RAFAEL VERGARA,                                               RESPONDENT
*Warden, Adams County Correctional*
*Center*

## **REPORT AND RECOMMENDATION**

Before the Court is Petitioner Alfonso Mendoza Perez's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at the Adams County Correctional Center in Natchez, Mississippi.  He is a native and citizen of Mexico who entered the United States illegally in 2009. Pet. [1] at 1. U.S. Immigration and Customs Enforcement detained Petitioner on November 25, 2025.

Petitioner's sole claim is that he is not subject to detention without a bond hearing under 8 U.S.C. § 1225(b)(2) because "§ 1225(b)(2) does not apply to people like [Petitioner], who have already entered and were residing in the United States at the time they were apprehended." *Id.* at 8. This argument is now foreclosed by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *reh'g en banc denied* (Apr. 9, 2026). According to *Buenrostro*, Petitioner, an applicant for admission, has no statutory right to a bond hearing. *Id.* at 498, 502-08; *see Bekboev v. Vergara*, No. 5:26-CV-37-DCB-BWR, 2026 WL 1011244, at *1 (S.D. Miss. April 14, 2026) (finding statutory arguments foreclosed by *Buenrostro*); *Lika v. Vergara*, No. 5:26-CV-03-DCB-BWR, 2026 WL 982870, at *1 (S.D. Miss. Apr. 13, 2026) (same). Accordingly,

the instant petition should be denied and dismissed without prejudice.

## RECOMMENDATION

The undersigned recommends that Petitioner Alfonso Mendoza Perez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DENIED and DISMISSED without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this 8th day of May 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE